UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| AMBER MILLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 11-74-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CODY MALIK, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946 (E.D. Ky. 2010), this Court advised state-court defendants contemplating removal to gather evidence establishing the amount in controversy through the state court's discovery processes. *Id*. at 953. That is exactly what the defendants in this case did. Notwithstanding the plaintiffs' lack of cooperation—their responses to the defendants' requests for admission were both late and woefully incomplete—the defendants have successfully established that the amount in controversy more likely than not exceeds this Court's jurisdictional minimum. The plaintiffs' motion to remand is therefore denied.

## BACKGROUND

Plaintiffs Amber Miller and Opal Slone were driving along Town Mountain Road in Pike County, Kentucky, on the afternoon of October 9, 2009. Their car collided with a large conversion van—a 2008 Ford Econoline—operated by defendants Cody Malik, Robert Hartl, and Amber Hartl. Miller and Slone sustained serious injuries in the accident. They filed suit against Malik and the Hartls in Kentucky state court on June 29, 2010. On July 23, 2010, the

defendants removed the case, invoking this Court's diversity jurisdiction. Although diversity of citizenship was apparent from the face of the complaint—the plaintiffs allege that they are citizens of Kentucky and that the defendants are citizens of Iowa—the amount in controversy was not as clear. In compliance with Kentucky Rule of Civil Procedure 8.01(2), the plaintiffs did not specify the amount of damages they sought, other than to allege that the damages exceeded the $4,000 jurisdictional minimum of the Kentucky court. Because the defendants did not carry their burden of establishing by a preponderance of the evidence that the amount in controversy exceeded this Court's jurisdictional minimum of $75,000, the Court remanded the case to state court on December 7, 2010.

Back in state court, the defendants served requests for admission asking the plaintiffs to identify the specific dollar amount that they are seeking for each category of damages claimed—past and future medical expenses, lost wages, lost earning power, and pain and suffering. They also asked the plaintiffs to admit or deny that they were seeking more than $75,000 in total damages. The defendants served these requests for admission on the plaintiffs on June 12, 2011. Under the Kentucky Rules of Civil Procedure, the plaintiffs had thirty days to respond; otherwise, the facts would be deemed admitted. Ky. R. Civ. P. 36.01(2); 36.02. The plaintiffs did not respond within thirty days; they ultimately responded on May 16, 2011—four days late. The plaintiffs both specifically identified the medical expenses they had incurred to date—$8,501.18 for Slone and $19,537.92 for Mitchell, R. 1-2 at 2, 7—but did not identify any other damage amounts. Instead, both Miller and Slone stated that they could neither admit nor deny whether they were seeking total damages in excess of $75,000 "due to a lack of information at the present time." *Id*. at 4, 9. The

defendants then filed a second notice of removal on May 18, 2011. R. 1. Miller and Slone filed a motion to remand, R. 4, to which the defendants filed a response, R. 7. The plaintiffs did not file a reply.

## ANALYSIS

As the removing party, the defendants bear the burden of establishing the prerequisites for federal jurisdiction, including the amount in controversy, by a preponderance of the evidence. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). There are two plaintiffs in this case. Although their claims may not be aggregated to reach the jurisdictional minimum because the plaintiffs are not suing to enforce a single right "in which they have a common and undivided interest," *Snyder v. Harris*, 394 U.S. 332, 335 (1969), the defendants need only show that *one* of the plaintiffs' claims surpasses the $75,000 threshold. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("To satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification."). The defendants have successfully carried this burden as to at least one plaintiff—Amber Miller.

First of all, Miller failed to file a timely response to the defendants' request that she admit or deny that she was claiming total damages in excess of $75,000. Under the Kentucky Rules of Civil Procedure, a fact is deemed admitted if a party does not respond to a request for admission within thirty days. Ky. R. Civ. P. 36.01(2). Any matter so admitted "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Ky. R. Civ. P. 36.02. Miller did not submit her response within thirty days.

Therefore, under the Kentucky rules, she was deemed to have admitted that she was seeking total damages in excess of $75,000. Several courts have held that deemed admissions like this one are sufficient to establish the amount in controversy. *See, e.g.*, *Collins v. Landau*, No. 3:10cv588, 2010 WL 5069907, at *3 (D. Conn. Dec. 3, 2010); *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2001 WL 456406, at *1 (N.D. Ill. Apr. 30, 2001); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 980-81 (M.D. Fla. 1978); *Bonnell v. Seaboard Air Line R.R. Co.*, 202 F. Supp. 53, 55 (N.D. Fla. 1962).

Miller did, however, submit a response to the defendants' requests for admission a few days after the thirty-day clock had expired. In her response, Miller stated that she could neither admit nor deny that she was claiming total damages in excess of $75,000 "due to a lack of information at the present time." R. 1-2 at 9. Miller's inability to affirmatively answer this question is troubling. Miller filed this case more than a year ago, and the state court had scheduled a pretrial conference for October of this year. That Miller is so unsure about the damages she is claiming at this late date is either a sign of poor preparation or deliberate evasion. Further, Miller's answers do not satisfy the requirements of Kentucky Rule 36.01(2), which states that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." Miller provided no such explanation in her response. Miller should not be able to prevent removal of a case that otherwise meets the requirements of federal jurisdiction by stonewalling and providing incomplete discovery responses until the one-year time limit for removal has elapsed. *See Marcus v. Quattrocchi*,

715 F. Supp. 2d 524, 536 (S.D.N.Y. 2010) ("Plaintiffs cannot deprive Defendants of their right to a federal forum simply by refusing to quantify the damages."). Indeed, Miller's refusal to specifically deny that her total damages exceed $75,000 is at least some evidence that her damages are more than that amount. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (amount-in-controversy requirement satisfied because, among other reasons, "plaintiff [did not] deny the damages exceeded the jurisdictional amount when given the opportunity"); *Maglione v. Cottrell, Inc.*, No. 00 C 2436, 2000 WL 988529, at *2 (N.D. Ill. July 18, 2000) (amount-in-controversy requirement satisfied because plaintiffs "were unwilling to limit their recovery to an amount below $75,000"); *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) ("If the plaintiff denies [a] request" to admit "that his damages do not exceed $75,000," the defendant may remove the case on this ground).

Beyond Miller's answers (or non-answers) to the defendants' requests for admission, the defendants have also provided estimated calculations of the amount that Miller is seeking for specific categories of damages, including lost wages and pain and suffering. R. 7 at 4-7. Although the Court has previously rejected reliance on such calculations, standing alone, to establish the amount in controversy, see *Minix v. Kawasaki Motors Corp., U.S.A.*, No. 09-90-ART, 2009 WL 2212282, at *2 (E.D. Ky. July 23, 2009), here the plaintiffs did not file a reply brief contesting them. Therefore, the defendants' uncontested calculations, in conjunction with the deemed admission and Miller's failure to deny that she was seeking more than $75,000 in total damages, demonstrate that the amount in controversy for Miller's claim more likely than not exceeds $75,000.

The plaintiffs make one last-ditch argument to defeat federal jurisdiction. According to "information provided" to them, the plaintiffs believe that the defendants may have been in Pike County performing work on behalf of a Kentucky-based air conditioning company. R. 4 at 3. If that is so, the plaintiffs state that they will want to join the air conditioning company as a defendant, which would defeat diversity. The plaintiffs have not yet been able to ascertain whether the air conditioning company should be named as a defendant, they claim, because the current defendants have not adequately complied with discovery requests by providing documentation explaining why they were in Pike County on the date of the accident. This argument is not sufficient to defeat federal jurisdiction. The Court determines federal jurisdiction "by examining the complaint as it existed *at the time of removal*." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (emphasis added). When the defendants removed this case, there were no non-diverse defendants named in the complaint. And the plaintiffs have cited to no legal authority for their argument that the mere possibility that they might add a non-diverse defendant at some point in the future is sufficient to defeat diversity. This lack of authority is unsurprising because such a rule makes no sense—it would allow plaintiffs to defeat removal in virtually all cases simply by asserting that they are thinking about adding a non-diverse defendant. Because there was no non-diverse defendant in the case at the time of removal, complete diversity exists.

**CONCLUSION**

For these reasons, it is **ORDERED** that the plaintiffs' motion to remand, R. 4, is **DENIED**. It is further **ORDERED** that the defendants' motion to compel, R. 6, is **DENIED WITHOUT PREJUDICE** as moot.

This the 20th day of July, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge